**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Surgenex LLC,
Plaintiff,
v.
NuStar Wound Care Services LLC, et al.,
Defendants.

No. CV-26-04433-PHX-DJH

**ORDER**

On September 14, 2026, Plaintiff Surgenex LLC ("Plaintiff") filed a First Motion for Alternative Service of Process and First Motion to Extend Time to Serve (Doc. 8). In their Motion, Plaintiff requests that the Rule 4(m) deadline, currently set for September 22, 2026, be extended to thirty (30) days after entry of the Court's Order so that the alternate, authorized service can be completed upon Defendants NuStar Wound Care Services LLC ("NuStar") and Brandi Garner ("Garner") (collectively, the "Defendants"). (*See generally id.*). Defendants have not yet appeared in this matter.

## I. Background

Plaintiff filed its Complaint on June 24, 2026, alleging generally that Defendants have failed to pay Plaintiff amounts owed for products it provided to Defendants. (*See generally* Doc. 1). NuStar is a single-member LLC of which Garner is the sole owner and principal as well as the registered agent. (Doc. 8 at 3).

Plaintiff now claims that it has been unable to serve Defendants, despite diligent efforts. (*Id.*) Plaintiff's efforts to serve Defendants began with two attempts, on July 6 and

15, 2026, to personally serve Defendants' at NuStar's business address, 6620 Parkdale Place, Suite I, Indianapolis, Indiana ("Parkdale Place Address"). (Docs. 8-1 at 2, 4). However, the business suite was found vacant. When those attempts were unsuccessful, Plaintiff undertook efforts to locate Garner's personal address, which they accomplished through a Westlaw PeopleMap search placing Garner's address at 6529 Tram Court, Indianapolis, Indiana ("Tram Court Address"). (*Id.* at 7). This address was further confirmed when Plaintiff was able to locate a complaint in Marion Superior Court that was filed by Garner and listed the foregoing address. (*Id.* at 9). Having acquired the Tram Court Address, Plaintiff again had a process server attempt service on July 17, 18, and 20, 2026. (*Id.* at 20). Each of these attempts was unsuccessful, so Plaintiffs now seek alternative service and an extension of time to complete such service. (Doc. 8).

## II. Discussion

The Court will first address Plaintiff's alternative service request, then turn to request for an extension of time.

### A. Alternative Service

Having demonstrated multiple unsuccessful attempts to personally serve Defendants, Plaintiff asks that the Court permit service upon the Defendants by: 1) posting the necessary documents at the Tram Court address, and 2) mailing the necessary documents to both the Tram Court and Parkdale Place Addresses. (Doc. 8 at 8).

Before a federal court may exercise personal jurisdiction over a defendant, the defendant must be served in accordance with Federal Rule of Civil Procedure 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *amended by* 807 F.2d 1514 (9th Cir. 1987). Federal Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Arizona Rule 4.1(k) authorizes alternative means of service "within Arizona," and provides the following procedure:

> (1) [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may-on motion and without notice to the person to be served-order that service may be

accomplished in another manner.

(2) Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2). The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient. This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citation and quotations omitted).

If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

Here, the Court finds that alternative service is appropriate. First, at least six personal service attempts on Defendants have proven unsuccessful, and there is no indication that further attempts would prove successful. These attempts demonstrate due diligence. *See*, *e.g.*, *Palm Street Capital LLC v. Xie*, 2022 WL 22855264, *2 (N.D. Cal. 2022) ("Plaintiffs have diligently attempted to personally serve Defendant, attempting to do so four separate times."). Next, based on the Motion and Complaint, both the process server and Plaintiff's counsel have previously attempted to contact Defendants. (Doc. 8-1 at 4; Doc 1 at ¶ 32). Not to mention, these repeatedly failed efforts indicate that Defendants may be evading service. *United States v. Dockstader*, 2025 WL 2770889, *1 (D. Ariz.

2025) ("[P]laintiff's repeated service attempts indicate [defendant] likely 'has intentionally avoided service of process' at the Heritage Lane address.").

Furthermore, the Court acknowledges that generally "mailing a notice to a party's last known address is 'reasonably calculated' to provide actual notice." *Lubeck v. S.E.C.*, 156 F.3d 1237, at *6 n.11 (9th Cir. 1998). So, the Court will permit Plaintiff to serve by its proposed means. And Plaintiff has demonstrated that the Tram Court residence is owned by Garner as confirmed when the process server spoke with her neighbor. (*See id.* at 5, 48–51). However, the Court has misgivings that the Parkdale Place Address was said to be vacant and that the process server reported no signs of life at the Tram Court Address. (*See* Doc. 8-1 at 4, 20). *See also Emanuel v. Colin*, 2024 WL 4279404, at *2 (D. Nev. 2024) (denying service by mail where the court was not satisfied the defendant resided at either proposed address). As a result, the Court will order an additional step to further ensure Defendants are properly notified. Service by email has been routinely accepted as an adequate alternative means of service. *See Rio Props.*, 284 F.3d at 1016; *BMO Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, *3-4 (D. Ariz. 2014). Therefore, in addition to the posting and mailing, Plaintiff must make reasonable efforts to locate an email address for Defendants and send the necessary service documents to that address. Plaintiff's notice of service should describe the efforts taken and the email address, if any, located.

**B. Extension of Time**

Plaintiff filed this action on June 24, 2026, and the current service deadline is September 22, 2026. Plaintiff argues that good cause exists to grant a 30-day extension from the date of the Court's Order. (Doc. 8 at 2).

Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished on each named defendant within 90 days after filing the Complaint. *See* Fed. R. Civ. P. 4(m). If good cause is shown, a court "shall extend the service period under Rule 4." *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001). The Ninth Circuit has recognized that "[a]t a minimum, 'good cause' means excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A plaintiff "may be required to

show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.' " *Id*. (quoting *Boudette*, 923 F.2d at 756). The Ninth Circuit has held district courts have "broad discretion to either grant an extension of time, or to dismiss an action entirely, for failure to effect service [and that] [t]his discretion necessarily includes latitude to limit the length of any extension the court grants." *Jones v. Auto. Club of S. California*, 26 F. App'x 740, 742 (9th Cir. 2002).

The Court finds that good cause for an extension exists here. When a plaintiff has been reasonably diligent in their service efforts and encountered difficulties completing service, courts often find that an extension of the service deadline is warranted. *See*, *e.g.*, *DPG Investments LLC v. Anderson*, 2020 WL 8482971, *1-2 (D. Ariz. 2020); *MLB Sales Incorporated v. RK Gems LLC*, 2023 WL 8376178, *1-2 (D. Ariz. 2023). That said, the Court does not find good cause for the length of the requested extension. Plaintiff's last service attempt was made on July 20, 2026, and it does not appear as though any additional efforts have been made since. Plaintiff waited almost two months before filing this Motion. Thus, the Court finds good cause to extend Plaintiff's service deadline to October 2, 2026, but no further at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff's First Motion for Alternative Service of Process and First Motion to Extend Time to Serve (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' new service deadline is **October 2, 2026**. Plaintiff shall serve Defendants as follows: 1) by posting the necessary documents on the front door of 6529 Tram Court, Indianapolis, Indiana and 2) by mailing the necessary documents to 6529 Tram Court, Indianapolis, Indiana and 6620 Parkdale Place, Suite I, Indianapolis, Indiana. Service must include: the Complaint, Summons, Preliminary Order, Plaintiff's Motion for extension of time and alternative service, and this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall make reasonable efforts to locate a valid email address for at least one Defendant and serve the aforementioned documents to the located email address. Plaintiff's notice of service must include the email address located and, if no email address is located, Plaintiff's efforts to locate an email address.

**IT IS FINALLY ORDERED** that that proof of service upon each Defendant must be filed with the Court **by October 2, 2026**.

Dated this 15th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge